**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES EDWARD PUCKETT,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.:   5:10-cv-8030-RDP-MHH** |
| | } | **5:08-cr-21-RDP-PWG** |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

## <u>MEMORANDUM OPINION</u>

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed on June 11, 2010

pursuant to 28 U.S.C. § 2255 by Petitioner Charles Edward Puckett, a federal prisoner acting pro se.

(Civ. Doc. #1).[1]  Petitioner challenges his conviction on the ground that he received ineffective

assistance of counsel.  (Civ. Doc. #2 at 1, 4, and 6).  This motion has been fully briefed.  (*See* Civ.

Docs. #2 and 4).  Based on the briefs and the evidence in the record, the court finds that the motion

is due to be denied.

## I.  BACKGROUND

On May 6, 2008, a jury found Petitioner guilty of one count of conspiracy to distribute and

possess with intent to distribute fifty (50) grams or more of methamphetamine, a controlled

substance, in violation of 21 U.S.C. § 841(a)(1).  (Crim. Docs. #18, 61, and 70).  Before his

conviction and sentence, the Government filed Information pursuant to 28 U.S.C. § 851 asserting

that Petitioner had previously been convicted in Alabama state court of Possession of a Controlled

---

[1] There are two dockets referenced in this memorandum: (1) the underlying criminal trial in which Petitioner was convicted (*United States v. Puckett*, Case No. 5:08-cr-21); and (2) the instant civil action brought under 28 U.S.C. § 2255 (*Puckett v. United States*, Case No. 5:10-cv-8030).  To avoid confusion, documents from the underlying criminal docket are marked with "Crim. Doc." and documents from the § 2255 civil docket are marked with "Civ. Doc."

Substance, which counts as a "prior conviction for felony drug offense" for the purposes of enhancing Petitioner's sentence pursuant to the Controlled Substances Act, 21 U.S.C. § 841(b)(1). (Crim. Doc. #46 at 1). The Controlled Substances Act imposes a mandatory minimum sentence of 20 years for criminal defendants convicted of an offense under § 841(a) who have been previously convicted of a felony drug offense. The court specifically drew Petitioner's attention to the consequences of the prior conviction at the sentencing hearing:

| | |
|---|---|
| THE COURT: | All right. The Court has noted that in an information filed under 21, United States Code, Section 851, prior to the trial of this case, it sought an enhancement based on one prior drug felony conviction. Does the defendant affirm or deny that he was previously convicted as alleged in the information? |
| MR. CLARK: | He affirms, Your Honor. |
| THE COURT: | And you understand what that means, Mr. Puckett? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | That just means that you're not challenging the fact that you had a prior conviction, that you're admitting that to me. |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | You understand all that? Do you understand that any challenge to a prior conviction which is not made before the imposition of your sentence may not be heard thereafter as a ground for attacking your sentence; do you understand that? |
| THE DEFENDANT: | Yes, sir. |

2

(Crim. Doc. #77 at 3-4) (filed under seal).  Petitioner was sentenced to the mandatory minimum sentence of 20 years.  (Crim. Doc. #20 at 2).

Petitioner appealed his conviction and sentence to the Eleventh Circuit (Crim. Doc. #71), which, on July 27, 2009, affirmed Petitioner's conviction and sentence.  (Crim. Doc. #86).  There is no indication in the record that a petition for a writ of *certiorari* was filed with the Supreme Court of the United States.  Petitioner filed this instant § 2255 motion (Doc. #1) on June 10, 2010, which makes this motion timely.[2]  As far as the court is aware, this is not a successive § 2255 motion.  The court therefore has jurisdiction to hear this action.

## II.  PETITIONER'S ARGUMENTS

Petitioner presents three arguments as to how his lawyer provided him ineffective assistance: (1) his lawyer failed to object to the application of his prior drug conviction to enhance his sentence (Doc. #2 at 1-4); (2) his lawyer failed to allege that the court lacked jurisdiction to impose an enhanced sentence pursuant to 21 U.S.C. § 851 (*id.* at 4-5); and (3) his lawyer failed to alert the court that Petitioner was convicted of conspiracy under 21 U.S.C. § 846 rather than a felony drug offense under § 841, and therefore should not have been sentenced pursuant to 21 U.S.C. § 841 (*id.* at 7-8).

## III.   LEGAL STANDARDS

A motion to set aside, vacate, or correct a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that ... there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment

---

[2] The Eleventh Circuit affirmed Movant's conviction and sentence on July 27, 2009, (Crim. Doc. #86).  From that day, Movant had 90 days, or until October 25, 2009, to seek review in the United States Supreme Court.  Sup. Ct. R. 13(1).  It appears that Cook did not seek such review, and thus his conviction became final for the purposes of 28 U.S.C. § 2255 on October 25, 2009.  *See Clay v. United States*, 537 U.S. 522, 532 (2003).  The statute of limitations for filing a Section 2255 motion is one year from the date the conviction became final.  28 U.S.C. § 2255(f)(1).  In this case, the deadline for filing the instant motion was on October 25, 2010, which Movant has met.

vulnerable to collateral attack." 28 U.S.C. § 2255(b).  The movant must specify all grounds for relief and specifically plead all facts supporting each claim for relief.  RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 2(b).

## A.     Procedural Default

A § 2255 motion, however, is not available for any garden variety claim.  Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on a § 2255 collateral attack.  *See United States v. Addonizio*, 442 U.S. 178, 184–86 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir.1988); *Kett v. United States*, 722 F.2d 687, 690 (11th Cir. 1984). Furthermore, a § 2255 motion may not serve as a "mulligan"; that is, the motion is not a substitute for a direct appeal.  *United States v. Frady*, 456 U.S. 152, 165 (1982); *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  Therefore, claims that could have been raised in the district court or on direct appeal, but were not raised, are considered procedurally defaulted and generally barred from review in a § 2255 proceeding.  *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001). To overcome this procedural default,  a petitioner "must show both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 168; *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004).  This standard is "a significantly higher hurdle than would exist on direct appeal."  *Frady*, 456 U.S. at 166.  To demonstrate prejudice, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Id.* at 170 (emphasis in original).  This rule applies to all § 2255 claims, including constitutional claims.  *Reed v. Farley*,

4

512 U.S. 339, 354 (1994); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *Lynn v. U.S.*, 365 F.3d at 1234; *Thornton v. United States*, 368 F. 2d 822, 825-26 (D.C. Cir. 1966).

**B.      Ineffective Assistance of Counsel**

A showing by a petitioner that his attorney's performance was constitutionally ineffective may be raised for the first time in a habeas petition to demonstrate "cause" to excuse a procedural default. *Murray v. Carrier*, 477 US 478, 489 (1986).  In order to establish a claim of ineffective assistance of counsel, a petitioner is required to show that: (1) his attorney's representation fell below "an objective standard of reasonableness"; and (2) a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 (1984).  "The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a Strickland claim, and both prongs must be proved to prevail."  *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001) *cert. denied, Johnson v. Nagle*, 535 U.S. 926 (2002).

To succeed in proving the "performance" prong, "the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.  When faced with ineffective-assistance claims, "reviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (internal citations omitted). The Eleventh Circuit reviews a lawyer's conduct under the "performance" prong with considerable deference, giving lawyers the benefit of the doubt for "heat of the battle" tactical decisions. *Johnson v. Alabama*, 256 F.3d at 1176; *see also Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir.1995) ("The

test for ineffectiveness is not whether counsel could have done more; perfection is not required.  Nor is the test whether the best criminal defense attorneys might have  done more.    Instead the test is . . . whether what they did was within the 'wide range of reasonable professional assistance.'") (internal citations omitted).

To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  As the Eleventh Circuit has explained,

> habeas petitioners must affirmatively prove prejudice because "[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial." "[T]hat the error had some conceivable effect on the outcome of the proceeding" is insufficient to show prejudice.

*Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (quoting *Strickland*).

When applying the *Strickland* standard, it is clear that courts "are free to dispose of ineffectiveness claims on either of its two grounds." *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998) (internal citations omitted) *cert. denied, Oats v. Moore*, 527 U.S. 1008 (1999); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[O]nce a court decides that one of the requisite showings has not been made it need not decide whether the other one has been.").

## IV.  DISCUSSION

Initially, the court notes that Petitioner's arguments appear to be an attempt to evade a procedural default by disguising substantive claims as claims of ineffective assistance of counsel. Nonetheless, the court evaluates the merits of each argument as they have been pled and considers each ineffective assistance of counsel allegation in turn.

A.      **The Prior Felony Drug Conviction Enhancement**

For certain federal drug offenses, the Controlled Substances Act mandates a minimum sentence of imprisonment for 10 years.  21 U.S.C. § 841(b)(1)(A).  That minimum doubles to 20 years for defendants previously convicted of a "felony drug offense."  *Id.*.  The term "felony drug offense" is defined under the statute as:

> an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44).

Petitioner argues that his lawyer was ineffective for failing to object to the use of his prior state drug conviction to enhance his sentence.  (Doc. #2 at 1-4).  Although his prior state drug conviction was a felony conviction, Petitioner contends that he would have been charged with a misdemeanor had he been prosecuted for the state offense conduct in federal court.  (*Id.*).  And had he been previously charged with a misdemeanor rather than a drug felony, Petitioner notes, the mandatory minimum sentence imposed by 21 U.S.C. § 841(b)(1)(A) would not have been triggered.

These assertions are simply wide of the mark.  The undisputed fact of the matter is that Petitioner was previously convicted of a felony drug offense by the State of Alabama.  (Crim. Doc. #77 at 3-4) (filed under seal).  It does not matter that this prior state felony drug conviction may have only been a federal misdemeanor conviction if Petitioner had been charged in federal court.  This is because the definition of "felony drug offense" under 21 U.S.C. § 802(44) clearly encompasses all drug offenses that are punishable by imprisonment for more than one year even if the offense is categorized as a "misdemeanor."  *See Burgess v. United States*,  553 U.S. 124, 127 (2008) (holding

that the definition of "felony drug offense" under 21 U.S.C. § 802(44) is a term of art that includes all drug offenses punishable by more than one year of imprisonment regardless of whether the offense is itself categorized as a felony or a misdemeanor).

Because this legal argument has no merit, Petitioner's attorney did not perform deficiently by failing to raise it. Therefore, the court finds no ineffective assistance of counsel here.

**B.      Jurisdiction to Impose Enhanced Sentence**

The Eleventh Circuit has "unambiguously and repeatedly held that a district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of [21 U.S.C.] § 851(a)." *Harris v. United States*, 149 F. 3d 1304, 1306 (11th Cir. 1998). Petitioner alleges that the Government failed to comply with the procedural requirements of § 851 by not indicating in the Information that Petitioner's prior state conviction counts as a felony drug offense that it intended to use to enhance Petitioner's sentence. (Civ. Doc. #2 at 6). Petitioner alleges that his attorney failed to notice this defect[3] and therefore failed to notify the court that it lacked jurisdiction to impose an enhanced sentence. (*Id.*). Petitioner argues that this constitutes deficient performance. For the following reasons, this argument does not hold water.

A federal district court lacks jurisdiction to enhance a sentence unless the government strictly complies with the procedural requirements of 21 U.S.C. § 851, which provides in relevant part:

(a) Information filed by United States Attorney

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a

---

[3] Of course, this allegation contradicts Petitioner's statement in his brief that his attorney knew that the Prosecution intended to enhance Petitioner's sentence because it was indicated in the Information filed by the Government. (Civ. Doc. #2 at 4).

> plea of guilty, the United States attorney files an information with
> the court (and serves a copy of such information on the person or
> counsel for the person) stating in writing the previous convictions
> to be relied upon. . .
>
>     . . .
>
> (b) Affirmation or denial of previous conviction
>
> If the United States attorney files an information under this section,
> the court shall after conviction but before pronouncement of sentence
> inquire of the person with respect to whom the information was filed
> whether he affirms or denies that he has been previously convicted as
> alleged in the information, and shall inform him that any challenge to
> a prior conviction which is not made before sentence is imposed may
> not thereafter be raised to attack the sentence.

The evidence of record shows that the Government fully complied with the procedural requirements of 21 U.S.C. § 851.  The Information filed by the Government clearly indicates that Petitioner was "convicted on or about February 6, 2002, of Possession of a Controlled Substance, in the Circuit Court for Jackson County, Alabama, case number CC01-1260" and explicitly states that this "conviction constitutes a 'prior conviction for felony drug offense' for purposes of enhanced penalty pursuant to Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1), and 851." (Crim. Doc. #46 at 1).  Furthermore, in compliance with the procedural requirements of § 851(b), the court asked Petitioner at the sentencing hearing whether he was actually convicted as alleged in the Information, whether Petitioner understood the implications of the prior conviction for his sentence, and whether Petitioner understood the failure to challenge a prior conviction prior to sentencing may not be used as grounds to later collaterally attack his sentence.  (Crim. Doc. #77 at 3-4) (filed under seal). Petitioner affirmatively acknowledged that he understood each of these points.

9

Because all the procedural safeguards of § 851 were diligently followed, this court had jurisdiction to enhance Petitioner's sentence. Therefore, Petitioner's attorney did not render deficient performance by failing to challenge the court's jurisdiction.

## C.    Failure to Raise "Affirmative Defense" of Conspiracy

Finally, Petitioner alleges that he was convicted of conspiracy under 21 U.S.C. § 846 but not drug possession with intent to distribute under 21 U.S.C. § 841. (Civ. Doc. #2 at 7). Because the mandatory minimum sentence imposed by 21 U.S.C. § 841(b)(1)(A) applies to drug offenses under § 841 and not to the "offense" of conspiracy under § 846, Petitioner maintains that he received an incorrect sentence and argues that his counsel was ineffective for not arguing this "affirmative defense." (Civ. Doc. #2 at 8). This argument misses the mark.

The jury found Petitioner guilty of Count One of the Indictment (*see* Crim. Doc. #61), which charged:

> That beginning in or about March, 2005, and continuing thereafter until in or about December, 2007, in Jackson County, within the Northern District of Alabama, and elsewhere, the defendants,
>
> **[Co-Defendant]**
>
> **CHARLES EDWARD PUCKETT**, and
>
> **[Co-Defendant]**,
>
> did knowingly and intentionally conspire and agree together with other persons, both known and unknown to the Grand Jury, to knowingly, intentionally, and unlawfully distribute and possess with the intent to distribute fifty (50) grams or more of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), all in violation of Title 21, United States Code, Section 846.

(Crim. Doc. #18 at 1). The relevant conspiracy statute reads as follows:

10

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties proscribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846.  The penalty, including the enhanced penalty, for the conspiracy offense with which Petitioner was charged, convicted, and sentenced is set forth in 21 U.S.C. §841(b)(1)(A). Petitioner's assertion that the enhanced penalty was not applicable to his conspiracy conviction is without merit; accordingly, his counsel cannot be found ineffective in failing to make such a claim at sentencing, or on direct appeal.

Finally, as the enhanced penalty clearly applied to Petitioner, he has failed to meet his burden of establishing the actual prejudice required to overcome procedural default.

## V.  CONCLUSION

For the reasons already enumerated, Petitioner has failed to show that he was provided ineffective assistance by his counsel.  This § 2255 motion is therefore due to be denied.

**DONE** and **ORDERED** this _____6th_____ day of May, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

11